LAW OFFICE OF
**JOSHUA BLACK**
PLC

Joshua C. Black, SBA #32241
Law Office of Joshua Black, PLC
2999 North 44th Street, Suite 308
Phoenix, Arizona 85018
(623) 738-2225 (p) • (623) 471-6516 (f)
josh@azemploymentlawyer.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert B. Johnston, Jr.**, <br><br>                    Plaintiff, <br><br>vs. <br><br>**Gila County,** a political subdivision of the State of Arizona, and **Bradley D. Beauchamp,** in his official and personal capacities, <br><br>                    Defendants. | **Case # 2:26 CV** <br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY, and NOTICE OF APPEAL FOR JUDICIAL REVIEW OF ADMINISTRATIVE DECISION (A.R.S. 12-905)** |

Plaintiff **Robert B. Johnston, Jr.** by and through Joshua C. Black, Law Office of Joshua Black, PLC, his undersigned counsel, files this Complaint and Demand for Trial by Jury, and Notice of Appeal For Judicial Review Of Administrative Decision (A.R.S. 12-905) against Defendants **Gila County,** a political subdivision of the State of Arizona, and **Bradley D. Beauchamp,** in his official and personal capacities.

## The Plaintiff's Five Claims

All claims arise from the termination of the employment of Plaintiff Robert B. Johnston, Jr. ("RBJ") by the Defendants Gila County and County Attorney Bradley Beauchamp (Mr. Beauchamp), and the subsequent proceedings in his administrative appeal to the Gila County Personnel Commission. His claims seek relief against both Defendants, jointly and severally, for:

*Count One:* 43 U.S.C. 1983 - Retaliation for exercise of free speech

*Count Two:* 43 U.S.C. 1983 – Retaliation for exercise of free speech

*Count Three:* 43 U.S.C. 1983 – Violation of right to procedural due process

*Count Four:* Intentional tort of wrongful termination of employment, A.R.S. 23-1501(A)(3)(b)

*Count Five:* Judicial review of administrative decision of Gila County Personnel Commission pursuant to Gila County Merit System Rule 12(K), ARS 11-356(H), and ARS 12-905.

## Fact Allegations

1. RBJ is, and has been at all times material to this Complaint an adult resident of Gila County, Arizona.
2. Gila County is a body politic, a county established and operating and acting pursuant to Arizona Constitution Art. XII and A.R.S. Title 11, and an employer.
3. Mr. Beauchamp is, and has been at all times material to this Complaint, the duly elected County Attorney for Gila County, pursuant to Arizona Constitution Art. XII, sec. 3, and A.R.S. 11-531 et seq.
4. Because of his elective office and authority to make decisions as to the discipline or termination of persons employed by the County Attorney's office, Mr. Beauchamp is a "policy maker" acting on behalf of Gila County under the rule established by *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978) for the liability of counties and municipalities for claims for

violations of 42 U.S.C. 1983 by their officials and employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–80 (1986).

5. At all times material to this Complaint, Mr. Beauchamp was acting in (A) his personal capacity and (B) in his official capacity as the Gila County Attorney, and (C) acting under "color of law" as that term is used in 42 U.S.C. 1983.

6. The Gila County Personnel Commission ("GCPC") is a "commission" as that term is defined and used in A.R.S. 11-351(3).

7. RBJ and Mr. Beauchamp are, and have been at all times material to this Complaint, residents and domiciles of Gila County, Arizona.

8. All events alleged herein occurred within Gila County, Arizona.

9. This Court has personal jurisdiction over all parties to this action.

10. This Court has original subject matter jurisdiction for counts one, two, and three pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(4).

11. This Court has supplemental jurisdiction for RBJ's two state law claims, counts four and five, pursuant to 28 U.S.C. 1367(A) since all five claims involve the same parties and the same core facts, all arising from the Defendants' termination of the employment of RBJ.

12. This Court is the appropriate venue for this action, pursuant to 28 U.S.C. 1391(b)(1 & 2).

13. RBJ was employed by the Gila County Attorney's office from July 31, 2023, until September 15, 2025, when he was terminated effective immediately by Mr. Beauchamp, the Gila County Attorney, without being given the pre-termination notice of intent to terminate and *opportunity to respond prior* to the effective date of termination required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985).

14. RBJ had been employed by Gila County as a "Legal Secretary Senior" working at the Gila County branch office building in Payson, AZ.

15. RBJ was a "regular employee" as defined by Gila County Merit System ("GCMS") Rule 1.55, with "regular" status per GCMS Rule 1.70, and had a "property right" to his job which was protected by the due process clause of the U.S. Constitution Fourteenth Amendment.

16. RBJ was an exemplary employee who performed his work well, and was never disciplined nor was he ever given any negative performance evaluations or ratings.

17. On September 10, 2025, Charlie Kirk, the controversial nationally known leader of Turning Point USA, a Christian nationalist organization which campaigns for and supports politically conservative candidates, was assassinated by a sniper while he was speaking at a large political rally at the Utah Valley University. The news spread quickly, and RBJ heard about it soon after it happened.

18. Minutes after learning of the Kirk shooting, while at the Gila County branch office building in Payson, RBJ took a short bathroom break after lunch (as he did almost daily) and went into the men's bathroom in County building (outside of the County Attorney satellite office which was passkey restricted to Gila County employee use), and at 1:42 pm, while shocked by the assassination, he used his personal cellphone while in the restroom and accessed his Facebook account and made a posting which was limited to viewing by his "friends only" in which he said simply "Rot in Hell Charlie Kirk."

19. There was nothing in or related to this one sentence opinion post that indicated RBJ was employed by, or had any connection, to the Gila County Attorney's Office (or any law enforcement agency). A screen shot of the post is attached as **Exhibit 1** and incorporated herein pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 10(c).

20. RBJ's one sentence post was clearly protected by the First Amendment and not made pursuant to or during the performance of his job duties.

21. His post (A) was for "friends only," (B) was made on his own personal cell phone during a work break while using the restroom, (C) made no mention of his employment or the Gila County Attorney's office, (D) expressed his personal belief about a high profile political figure who was dead, and (E) did not advocate or approve of any unlawful conduct. *Rankin*, supra. *Hernandez v. City of Phoenix*, 43 F. 4th 966 (9th Cir., 2022). *Fenico v. City of Philadelphia*, 79 F. 4th 151 (3rd Cir., 2023).

22. There was no evidence that the post was known to the general public in Gila County or that it impaired or was likely to impair the efficiency or operations of the Gila County Attorney's office. See, e.g., *Damiano v. Grants Pass School District No. 7,* 140 F. 4th 117, 1138 (9th Cir., 2025).

23. On September 15, 2025, County Attorney Beauchamp handed RBJ a brief letter telling him that he was terminated effective immediately based solely upon his "friends only" Facebook post about Charlie Kirk, supra (*the first act of retaliation)*. A true copy of the letter is attached as **Exhibit 2** and incorporated herein by reference pursuant to FRCP Rule 10(c).

24. The letter told RBJ that he was being terminated for "cause" for violation of Gila County Merit System ("GCMS") Rule 11. Rule 11 is attached as **Exhibit 7** and incorporated herein by reference pursuant to FRCP Rule 10(c).

25. Rule 11 provides 27 specific grounds for employee discipline, but Mr. Beauchamp failed to ever specify or provide any notice as to which of those 27 reasons was the basis for termination, which made it very difficult for RBJ to know exactly how his post violated a County rule, what the burdens of proof would be for an appeal, and what evidence he might need to successfully reverse Mr. Beauchamp's decision.

26. GCMS Rule 11 (**Exhibit 7**) requires that the County utilize "progressive discipline" regarding employee misconduct or rule violations, but Mr. Beauchamp testified at the GCPM hearing on October 21, 2025 that (1) the sole reason for his decision to fire RBJ was his Facebook post, **Exhibit 1** supra, (2) that he viewed the Facebook post as "celebrating the murder of a man in front of his wife and children" (who were in fact in Arizona when Mr. Kirk was killed while speaking in Utah), (3) that employing someone who "celebrated murder" might harm the image or reputation of his office, and that (4) he never considered any lesser discipline. See the reporter's transcript of his testimony at the GCPC hearing, attached **Exhibit 9** which is incorporated herein by reference pursuant to FRCP Rule 10(c).

27. On September 22, 2025, the Defendants (Gila County and Mr. Beauchamp) received "RBJ's letter of appeal", protesting the termination, requesting an appeal hearing by the Gila County Personnel Commission pursuant to GCMS Rule 12, and stating that the termination was retaliation/punishment for his having exercised his First Amendment right of free speech with his Facebook post for "friends only," citing the controlling decision in *Rankin v. McPherson*, 483 U.S. 318 (1987). A true copy of his "letter of appeal" is attached as **Exhibit 3** and incorporated herein by reference pursuant to FRCP Rule 10(c).

28. Mr. Beauchamp did not respond to RBJ's "letter of appeal" directly, but apparently realizing that RBJ's Facebook post re Charlie Kirk's death was constitutionally protected, he issued an "amended notice of termination" on September 26, 2025, <u>after the deadline</u> for amendments set in GCMS Rule 12.5(A)(1) and eleven days after firing RBJ which added a second "charge" of sexual harassment of an unnamed female co-worker based upon three comments he was alleged to have made to her. The "amended notice of termination" is

attached as **Exhibit 4** and incorporated herein by reference pursuant to FRCP Rule 10(c).

29. In fact (A) the three comments allegedly made by RBJ to the un-named female co-worker taken separately or viewed collectively fell far short of what is sexual harassment, *Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)*, and (B) the conduct alleged to be sexual harassment had been known to the County Attorney for at least a month before the charge was added and nothing had been said or done about it until <u>after</u> RBJ appealed his termination and pointed out that it was unconstitutional, citing *Rankin*, supra.

30. The sexual harassment charge in the untimely amended notice of termination (1) failed to allege facts constituting sexual harassment, (2) failed to allege the identity of the person alleged to have been harassed, (3) forced Plaintiff Johnston to divert attention and resources to defending against this baseless charge, and then at the Commission appeal hearing, the testimony presented in support of such charge fell so far short of proving sexual harassment that the County abandoned the charge at the conclusion of the Commission hearing.

31. RBJ suffered prejudice by being falsely accused and the Commission being told he was terminated for sexual harassment as well as his Facebook post, and by having to prepare his defense to both charges, especially with the stigma of a (false) claim of sexual harassment.

32. The amendment was untimely under GCMS Rule 12.5(A)(1), and most important, a <u>second act of retaliation</u> for RBJ's Facebook post filed when Beauchamp realized that firing RBJ violated RBJ's free speech rights, *Rankin* supra, which means that termination for the Facebook post was likely unconstitutional. GCMS Rule 12 is attached as **Exhibit 8** and incorporated herein by reference pursuant to FRCP Rule 10(c).

33. If there had been an actual serious complaint or report of sexual harassment made by a Gila County employee, Gila County Human Resources Administrative Procedures HRS-001 Sections E and F require reporting and then investigation and follow up by the Gila County Human Resources Director, but there never was any such report filed regarding the sexual harassment charge that Mr. Beauchamp added to his original notice of termination in his amended notice when he realized that *his reason* for terminating of RBJ violated his First Amendment and Arizona Constitutional (Art. 2, sec. 6) rights.

34. Gila County Human Resources Administrative Procedures HRS-001 supra, is attached and incorporated herein by reference as **Exhibit 5** pursuant to FRCP Rule 10(c).

35. The Defendants violated Gila County Human Resources Administrative Procedures HRS-001, supra, sec. G (1&2) when they retaliated against RBJ for his exercise of his First Amendment and Arizona Constitution rights of free speech when (A) he made his Facebook post (**Exhibit 1**), and (B) when filed his "letter of appeal"(**Exhibit 3**).

36. On October 1, 2025, RBJ appealed to the GCPC a second time, in response to the *amended* notice of termination, Exhibit 4 supra. **Exhibit 6**, which is attached and incorporated herein by reference pursuant to FRCP Rule 10(c).

37. On October 21, 2025, the GCPC (three non-lawyers) heard RBJ's appeal from the amended notice of termination, taking testimony of witnesses. The GCPC expressly declined to hear evidence as to whether the termination violated any of RBJ's constitutional rights or to make any decision on that subject and limited its decision to a single issue, to-wit: whether the termination of RBJ was "arbitrary or capricious" (the limited scope of authority of the GCPC provided in GCMS Rule 12.6(P), attached **Exhibit 8.** The reporter's transcript of the GCPC hearing is attached Exhibit 9.

38. GCMS Rule 12 supra, is attached as **Exhibit 8** and incorporated herein by reference pursuant to FRCP Rule 10(c).

39. On December 16, 2025, the GCPC issued its 13 page decision finding that RBJ's termination was not "arbitrary or capricious," and it was mailed to RBJ who received it on December 19, 2025. The GCPC decision is attached as **Exhibit 10** and incorporated herein by reference pursuant to FRCP Rule 10(c).

40. The GCPC decision was incorrect, the result of denials of procedural due process, did not consider or resolve the various constitutional issues raised, and was arbitrary, capricious and contrary to law.

41. Count Five is filed within 35 days of RBJ's receipt of the decision of the GCPC, **Exhibit 10**, which he received in the mail on December 19, 2025.

42. Count Five is for judicial review of the GCPC decision (**Exhibit 10**) findings of fact and conclusions of law, and the decision that his termination was not "arbitrary or capricious," and to prove that his termination violated multiple constitutional rights which violations the Commission (three non-lawyers) expressly declined to entertain, consider, or rule upon.

43. The issues for review for Count Five include (A) Whether Johnston's termination of employment by Gila County and the County administrative appeal proceedings following violated any of Johnston's constitutional rights, and (B) Whether his termination was "arbitrary or capricious" based upon the evidence presented at the hearing.

44. As the result of the Defendants' conduct alleged herein, RBJ has suffered damages including, inter alia, lost wages and employee benefits including tuition reimbursement and health insurance, a reduced standard of living and becoming more "isolated" living in the small community of Strawberry, embarrassment and humiliation from being fired, worry about how he can support himself, sadness, and emotional distress from the loss of his job and the highly valued

relationships he had enjoyed with his co-workers at the Gila County Attorney's Office.

**45.** RBJ is still unemployed and has poor prospects for finding suitable new employment near his residence in Strawberry. He has applied for numerous jobs as a paralegal but so far has not gotten a single interview and is subject to compelled self-publication when he is asked about his employment history and must truthfully admit he was fired from his last job by the Defendants.

**46.** The conduct and acts of Mr. Beauchamp were willful violations of RBJ's clearly established federal constitutional rights to free speech and procedural due process done to punish him for his political view disliking Charlie Kirk, and he abused the authority he had to fire employees in his County office. As an experienced public lawyer, he knew he was violating the constitutional rights of RBJ, a clerical employee and he is liable to RBJ for punitive damages.

**47.** RBJ has served a notice of claims covering all five counts herein upon the Defendants pursuant to A.R.S. 12-821.01(A).

**48.** The hateful words "Rot in hell" have been freely and openly spoken by the current President of the United States about his political enemies. See **Exhibit 11**, which is attached and incorporated herein pursuant to FRCP Rule 10(c).

## Demand for Trial by Jury on Counts One through Four

Plaintiff Robert B. Johnston Jr. demands a trial by jury on Counts One, Two, Three, and Four pursuant to the Seventh Amendment to the U.S. Constitution and FRCP Rule 38.

## Relief Requested

Based upon the foregoing, Plaintiff Robert B. Johnston, Jr. requests orders and judgment granting him the following relief against both Defendants jointly and severally:

**Count One**: 42 USC 1983 -  Retaliation for exercising First Amendment right of free speech – termination of employment on September 15, 2025 in retaliation for Facebook post for "friends only" on September 10, 2025

1. Compensatory (tort) damages
2. Punitive damages (against Beauchamp only)
3. Injunctive relief
4. Reasonable attorneys' fees pursuant to 42 U.S.C. 1988
5. Taxable costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920

**Count Two**: 42 USC 1983  -  Retaliation for exercising First Amendment right of free speech – filing of groundless charge of sexual harassment to bolster termination in violation of the First Amendment, a second act of retaliation for RBJ's Facebook post and retaliation for having appealed the unconstitutional decision to fire him for the post

1.  Compensatory (tort) damages
2. Punitive damages (against Beauchamp only)
3. Injunctive relief
4. Reasonable attorneys' fees pursuant to 42 U.S.C. 1988
5. Taxable costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920

**Count Three:** 42 USC 1983  -  Denial of Fourteenth Amendment Procedural Due Process based upon:

**(A)**   Failure to provide pretermination notice and opportunity to respond required by *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985); and

**(B)**  No notice of what specific law or rule RJB allegedly violated which was grounds for his termination; and

**(C)** Amending the termination notice *after* the deadline for amending had passed by adding a new baseless charge of sexual harassment *after* receiving Johnston's appeal which cited *Rankin v. McPherson*, 483 U.S. 378 (1987) [which holds that the type of expression made by Johnston Facebook post is protected by the First Amendment].

1. Compensatory (tort) damages
2. Punitive damages (against Beauchamp only)
3. Injunctive relief
4. Reasonable attorneys' fees pursuant to 42 U.S.C. 1988
5. Taxable costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920

**Count Four**: A.R.S. 23-1501(A)(3)(b) - State law claim - Intentional tort of wrongful termination of employment in violation of Arizona Constitution Art. 2, Sec. 6

1. Compensatory (tort) damages
2. Taxable costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920

**Count Five:** Judicial review of administrative decision of Gila County Personnel Commission (attached Exhibit 10) pursuant to Gila County Merit System Rule 12(K) (attached Exhibit 8, infra), ARS 11-356(H), and ARS 12-905:

1. A decision and judgment reversing and vacating the GCPC decision that RBJ's termination was not "arbitrary or capricious"
2. An ordering reinstating RBJ with back pay and all lost benefits and other appropriate relief as provided by ARS 12-910(F) and 12-911
3. Reasonable attorneys' fees pursuant to ARS 12-349(A)(2)
4. Taxable costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. 1920

Respectfully submitted this 23rd day of January, 2026.

<u>s/Joshua C. Black</u>
Joshua C. Black, Esq.
Law Office of Joshua Black, PLC
Attorney for Plaintiff Robert B. Johnston, Jr.

**11 Attached Exhibits**

- **Exhibit 1.** RBJ's Facebook "friends only" post made during work break on 1:42pm on September 10, 2025
- **Exhibit 2.** Notice of Termination effective immediately given to RBJ by Gila County Attorney Beauchamp on September 15, 2025
- **Exhibit 3**. RBJ's "letter of appeal" of termination received by Defendants on September 22, 2025, asserting his right of free speech citing *Rankin v. McPherson*, 483 U.S. 318 (1987)
- **Exhibit 4**. Amended Notice of Termination (adding new charge of sexual harassment of un-named female co-worker) given to RBJ by Gila County Attorney's office dated September 26, 2025 and given to him on that date
- **Exhibit 5.** Gila County Human Resources Administrative Procedures HRS-001
- **Exhibit 6**. RBJ's appeal from Amended Notice of Termination dated October 1, 2025
- **Exhibit 7.** Gila County Merit System Rule 11
- **Exhibit 8.** Gila County Merit System Rule 12
- **Exhibit 9.** Reporter's transcript of Gila County Personnel Commission appeal hearing on October 21, 2025
- **Exhibit 10.** Decision of Gila County Personnel Commission dated December 16, 2025 (13 pages)
- **Exhibit 11.** Social media posting by President Trump on December 31, 2025