Michele Molinario, Bar #020594
Derek R. Graffious, Bar #033486
Ashley E. Caballero-Daltrey, Bar #036449
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1746
Fax: (602) 200-7831
mmolinario@jshfirm.com
dgraffious@jshfirm.com
adaltrey@jshfirm.com

Attorneys for Defendants Gila County and
Bradley D. Beauchamp

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Robert B. Johnston, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Gila County, a political subdivision of the State of Arizona, and Bradley D. Beauchamp, in his official and personal capacities, <br><br> Defendants. | No. 2:26-cv-00491-PHX-DWL <br><br> **DEFENDANTS GILA COUNTY AND BRADLEY BEAUCHAMP'S MOTION TO DISMISS** |

Defendants Gila County and Bradley Beauchamp move to dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(1) and 12(b)(6). Plaintiff's Complaint (Count Five) seeks judicial review of the Gila County Personnel Commission's ("GCPC") administrative decision to uphold Defendant Beauchamp's termination of Plaintiff's employment (Count Five). Plaintiff, however, failed to follow the express language of Arizona's Administrative Review Act ("ARA") when he filed suit exclusively in federal court, rather than in the "superior court." His failure to properly follow the statute means that the administrative decision is final. Thus, this Court is barred from hearing the case under the *Rooker-Feldman* doctrine and, even if it were not, Plaintiff's claims are barred by res judicata.

To the extent the Court finds that the administrative decision is not final, it should decline supplemental jurisdiction over the state laws claims because the Court's jurisdiction is predicated upon the barred federal claims. In other words, Plaintiff would have this Court accept supplemental jurisdiction over state law claims based on the federal claims it must immediately dismiss upon a finding that Count Five is resolved. This Court should decline supplemental jurisdiction over his state-law claims or abstain from hearing the case. Or, in the alternative should stay Counts I-IV pending resolution of Count Five. Additionally, the very existence of that process means that Plaintiff failed to state a due process claim. Accordingly, Defendants move to dismiss Plaintiff's Complaint in its entirety.[1]

## I.  RELEVANT FACTUAL BACKGROUND.

Plaintiff alleges that he was employed by the Gila County Attorney's Office as a "Legal Secretary Senior." [Doc. 1 ¶ 14.] He was a "regular employee" as defined in the Gila County Merit System. [*Id.* ¶ 15.] His employment was terminated after a post he made on Facebook. [*Id.* ¶ 23.] Plaintiff sent a letter of appeal protesting the termination and requesting an appeal hearing in front of the GCPC. [*Id.* ¶ 27.] Defendant Beauchamp issued an amended notice of termination, and Plaintiff appealed a second time. [*Id.* ¶¶ 28, 36.] On December 16, 2025, and after holding a hearing, the GCPC issued a decision that the termination was not arbitrary or capricious. [*Id.* ¶ 39.] Plaintiff alleges he received the notice on December 19, 2025. [*Id.*]

Plaintiff filed the instant suit on January 23, 2026. [*See generally id.*] Plaintiff alleged two separate First Amendment violations under 42 U.S.C. § 1983, a Fourteenth Amendment Due Process claim under 42 U.S.C. § 1983, a claim for wrongful termination

---

[1] Defendants certify that before filing the Motion, they notified Plaintiff, in writing, of the issues asserted in the motion, on the morning of February 27, 2026. Defendants provided Plaintiff's counsel with a list of the issues raised in this motion with citation to legal authority and advised that it was willing to reassess its position if Plaintiff had contrary legal support. On March 3, 2026, at 7:18 a.m., defense counsel again emailed Plaintiff's counsel to follow up on the February 27 meet and confer email. Defendants did not receive a response to either email, and therefore, convey that further conferral would be futile.

under Arizona law, and an appeal from GCPC's administrative decision terminating his employment. [*Id.*] As part of these claims, he asks for injunctive relief but does not specify the nature of his request. [*See, e.g., id.* at 11–12.]

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS, BUT EVEN IF IT FINDS OTHERWISE, IT SHOULD DECLINE SUPPLEMENTAL JURISDICTION AND ABSTAIN FROM FURTHER ADJUDICATION OF THE CLAIMS.

Plaintiff's Complaint attempts to create a Catch-22 of jurisdiction, asserting that this Court has jurisdiction to hear Plaintiff's Count Five based on claims it will immediately have to dismiss as soon as Count Five is resolved. Presently, the court has federal-question jurisdiction over this case, and thus, Plaintiff's state-law claims may only be heard by this court if it exercises supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367. [*See also* Doc. 1 ¶¶ 10–11 (acknowledging same).] But the very federal claims that allow this Court to exercise supplemental jurisdiction must necessarily be dismissed upon the Court's determination that GCPC's administrative decision is final under the *Rooker-Feldman* doctrine and principles of res judicata, as described in more detail below.

To the extent the Court disagrees, it is not required to accept supplemental jurisdiction of Count Five. Although the United States Supreme Court has recognized that a district court *may* properly exercise supplemental jurisdiction over state law claims, it has also explained that it is not required to. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997). Indeed, it explained that it may be "obligated not to decide state law claims" if abstention doctrines apply. *Id.* Moreover, it also recognized a district court's ability to deny jurisdiction over supplemental claims under 28 U.S.C. § 1367(c). *Id. City of Chicago* also involved a state law claim pertaining to administrative decisions.

But this case involves an even more problematic situation than *City of Chicago*, because in that case, the plaintiffs raised constitutional concerns that were separate from the underlying administrative proceeding. *See id.* at 160. The Supreme Court was not faced with an argument that the district court would necessarily lose jurisdiction

3

119643979.1

after the outcome of the administrative appeal. That is exactly the case here. *City of Chicago* did not decide the issue before this Court.

Faced with such a problem, this Court has multiple options to resolve it. The simplest solution is to determine that Plaintiff's failure to follow the ARA means that the underlying decision is final such that the *Rooker-Feldman* doctrine and res judicata apply. Alternatively, this Court could decline to exercise supplemental jurisdiction or abstain from hearing this case because, as soon as Count Five is decided, this Court will lack jurisdiction under *Rooker-Feldman* doctrine and res judicata will bar Plaintiff's claims.

### A. This Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine.

This Court lacks jurisdiction to hear Plaintiff's Counts One through Four because they are a de facto appeal of GCPC's administrative decision to uphold Defendant Beauchamp's termination decision. The doctrine generally deprives federal courts of subject matter jurisdiction where a plaintiff (1) seeks to bring a forbidden de facto appeal and (2) seeks to litigate an issue that is "inextricably intertwined" with the underlying state-court decision. *Miroth v. County of Trinity*, 136 F.4th 1141, 1147 (9th Cir. 2025). This Court has applied the *Rooker-Feldman* doctrine to cases involving administrative law, even where a plaintiff raised constitutional claims. *Belt v. Hanchett*, No. CV-22-00409-PHX-DJH, 2022 WL 17251618, at *2 (D. Ariz. Nov. 28, 2022), *aff'd on other grounds sub nom. Belt v. Arizona*, No. 22-17006, 2023 WL 5348819 (9th Cir. Aug. 21, 2023).

Here, Plaintiff's Counts One through Four are a de facto appeal from the decision in his administrative review case. Plaintiff expressly brought those claims alongside his purported administrative appeal, to all be decided by this Court together. The GCPC was entitled to consider whether Plaintiff's rights were violated and it in fact did so. [*See* Doc. 1, Ex. 10 at 13.] That decision was final pursuant to the ARA. "Jurisdiction to review final administrative decisions is vested in the superior court." Ariz. Rev. Stat. § 12-905(A). Plaintiff did not file this suit in the superior court. Instead, he filed suit in this Court. His failure to file in superior court bars his claim because he failed to comply with the plain text of the statute. *See* Ariz. Rev. Stat. § 12–902(B) ("Unless review is sought of

an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision."); *see also Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (failure to appeal administrative decision renders it final).[2]

Arizona courts have rejected attempts to change the statute's clear descriptions of where and how to file an appeal. *See, e.g.*, *Johnson v. Arizona Registrar of Contractors*, 396 P.3d 645, 648–49 ¶¶ 9–11 (Ariz. App. 2017). In *Johnson*, the plaintiff argued that she could file a notice of appeal with the agency rather than the superior court. *Id.* The court of appeals rejected that approach and explained that "the statutory scheme for judicial review of administrative decisions makes clear Johnson was required to file her notice of appeal with the superior court, not with the Registrar." *Id.* at 648 ¶ 10. Thus, even an Arizona state court applying Arizona state law would dismiss the claim if it was filed in the wrong location, and bar further judicial review of the claim if it was untimely. His attempt to bring other claims arising out of that same process are a de facto appeal and his failure to file in the superior court, regardless whether he also filed in federal court like the plaintiff in *BSNF* warrants a determination that he failed to comply with the mandator requirements of the statute. Moreover, Plaintiff's claims are inextricably intertwined with that decision, as he seeks for this court to determine that his First Amendment rights were violated, that he was wrongfully terminated, and that the administrative decision lacked due process. This Court therefore lacks jurisdiction under the *Rooker-Feldman* Doctrine.

///

///

---

[2] Defendants recognize that in *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 787 (9th Cir. 2009) the Ninth Circuit determined that a Court could exercise original diversity jurisdiction over a state-court administrative appeal but did not reach the merits of the claim (including whether failure to comply with the statute barred relief on the merits). The facts and circumstances before that Court are distinguishable from this case. Notably, the plaintiff in *BNSF* complied with the state statute as he dual filed in both state and federal court. Unlike the instant matter, BNSF was not faced with an argument that the district court would necessarily lose jurisdiction after the outcome of the administrative appeal. Further, *BNSF* did not reach the issue of whether such a failure is final for the purposes of *Rooker-Feldman* or res judicata. Therefore, this Court should treat the decision as final on the merits based on Plaintiff's failure to follow the ARA.

**B.  Alternatively, This Court Should Decline Supplemental Jurisdiction or Abstain From Hearing The Case.**

As *City of Chicago* recognized, this Court can also abstain from hearing the case, *see Noel v. Hall*, 341 F.3d 1148, 1159–60 (9th Cir. 2003) ("In addition, a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so."), or it may deny jurisdiction under 28 U.S.C. § 1367(c). As relevant here, the statute allows the Court to decline jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or "in exceptional circumstances." *Id.* § 1367(c)(2), (4). Like the plaintiff in *BSNF*, the plaintiffs in *City of Chicago*, also complied with the state statute's requirement to bring an appeal in a specific state tribunal. Ultimately, neither case dealt with the situation at hand, where the Plaintiff has undoubtably failed to follow the appeal requirements.

**1.  Plaintiff's Count Five substantially predominates the federal claims.**

Plaintiff's Count Five substantially predominates over Plaintiff's federal claims because, as described in detail below, the outcome of that claim will bar Plaintiff's federal claims either because this Court will lack jurisdiction or because res judicata will require this Court to dismiss the claims.[3] Res judicata "binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Olson*, 188 F.3d at 1086.[4] The Ninth Circuit has long held that, consistent with Arizona law, an administrative decision is res judicata as to *any* claim—including constitutional claims. *Id.* The Ninth Circuit has recognized that the state administrative process in Arizona is an

---

[3] Accordingly, if this Court agrees that Count Five is final, res judicata is another reason to dismiss Plaintiff's claims. In order to simplify the issues (and in light of the fact the Court lacks jurisdiction if Count Five is final), Defendants have included the res judicata argument here rather than repeating it.

[4] Some courts have also applied collateral estoppel (issue preclusion). *See, e.g., Gorney v. Arizona Bd. of Regents*, 43 F. Supp. 3d 946, 953, 961 (D. Ariz. 2014), *aff'd*, 668 F. App'x 725 (9th Cir. 2016). Defendants focus on res judicata (claim preclusion), but this Court could equally dismiss Plaintiff's claims under issue preclusion as discussed by *Gorney*.

6

119643979.1

adequate forum for the purposes of res judicata. *Id.* And there is no question that this case involves the same parties as the administrative proceeding.

Courts routinely find that the outcome of administrative claims bar any subsequent claims—including any constitutional claims. *See Gilbert v. Ben-Asher*, 900 F.2d 1407, 1411 (9th Cir. 1990) (collecting cases); *Bullock v. Arizona Bd. of Regents*, No. CV-24-00520-TUC-SHR, 2025 WL 275938, at *5-7 (D. Ariz. Jan. 23, 2025), *reconsideration denied*, No. CV-24-00520-TUC-SHR, 2025 WL 1115462 (D. Ariz. Apr. 15, 2025); *Kelly v. Arizona Med. Bd.*, No. CV-25-00513-PHX-KML, 2025 WL 3562550, at *5 (D. Ariz. Dec. 12, 2025); *Monteleone v. Univ. of Arizona Dean of Student's Off.*, No. CV2000189TUCJASMSA, 2021 WL 120905, at *3 (D. Ariz. Jan. 11, 2021), *report and recommendation adopted, No. CV2000189TUCJASMSA, 2021 WL 461948 (D. Ariz. Feb. 9, 2021)*; *Osmolski v. Pima County*, No. CV 04-236-TUC-JCG, 2007 WL 9728434, at *1 (D. Ariz. May 15, 2007) (applying res judicata in case involving a county's merit system). And they do so even where, as here, Plaintiff failed to properly appeal the agency's decision. *See, e.g.*, *Belt v. Arizona*, No. 22-17006, 2023 WL 5348819 at *1 (9th Cir. Aug. 21, 2023) ("The district court properly dismissed Belt's action as barred by res judicata because Belt seeks to relitigate a final administrative agency decision in a proceeding in which Belt had an adequate opportunity to litigate, and Belt did not appeal the agency decision to state court"); *Green v. Arizona Bd. of Regents*, No. CV-18-04665-PHX-SPL, 2020 WL 2512759, at *3 (D. Ariz. May 15, 2020); *Mason v. Arizona*, 260 F. Supp. 2d 807, 826 (D. Ariz. 2003); *Jacobs v. Betlach*, No. CV-14-00974-PHX-BSB, 2014 WL 6978720, at *8 (D. Ariz. Dec. 10, 2014).

Those decisions are consistent with GCPC's ability to review an action to determine if it was arbitrary and capricious, *see* [Doc. 1, Ex. 8, GCSMR 12.6(P)]; and the superior court's ability to review that decision to determine whether it "is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." Ariz. Rev. Stat. § 12-910. And as above, the GCPC in fact did analyze whether Plaintiff's First Amendment rights were violated, and its analysis tracked the *Pickering* test. *Compare* Doc.

7

1, Ex. 10 at 13 *with Thompson v. Cent. Valley Sch. Dist. No 365,* 163 F.4th 654, 663–667 (9th Cir. 2025) (applying *Pickering* test to similar claim and reaching same result).

Accordingly, and because the outcome of Count Five will quite literally determine the result of all of the federal claims, Count Five substantially predominates over Plaintiff's federal claims such that this Court should decline to exercise supplemental jurisdiction.

### 2. The Court should decline jurisdiction or abstain.

Based on the foregoing, this Court should decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(2), (4). This Court should decline Plaintiff's invitation to accept supplemental jurisdiction over state law claims whose outcome will necessitate dismissal of the federal claims. It could also abstain or stay the case under principles of comity. *See Noel*, 341 F.3d at 1159–60; *see also City of Chicago*, 522 U.S. at 174.

### 3. This case involves exceptional circumstances.

Again, this case also presents exceptional circumstances because Plaintiff's Complaint is creating jurisdiction where there should not be for all the reasons stated above. Had Plaintiff filed in state court, as the statutes require, there is no question that the outcome of that decision would be a bar to Plaintiff's claims. If the Court declines to dismiss Plaintiff's Complaint, or accepts supplemental jurisdiction, Defendants will move to stay Counts One through Four pending the outcome of Count Five. *Do v. Arizona State Univ.*, No. CV-22-00190-PHX-JJT, 2022 WL 4235599, at *4 (D. Ariz. Sept. 14, 2022) (deciding that it was premature to make any conclusions about res judicata where final record of the grievance process was not yet before the Court). In other words, should Count Five remain, Plaintiff's federal claims will remain in this case *for the sole purpose* of waiting to be dismissed. That is an end-run around this Court's jurisdiction, and it is the kind of exceptional circumstance where this Court should decline supplemental jurisdiction or abstain from the case entirely.

/ / /

/ / /

119643979.1

### III. **PLAINTIFF'S DUE PROCESS CLAIM FAILS BECAUSE HE WAS AFFORDED PROCESS.**

If the Court has jurisdiction, it should dismiss Plaintiff's due process claim for failure to state a claim. Plaintiff does not have a procedural due process claim where the state provides adequate process. *Kay v. Likins*, 160 F. App'x 605, 607 (9th Cir. 2005) ("Kay's procedural due process claims against the individual defendant-appellees have no merit, as she was given ample opportunity and notice to mediate the dispute with the University and to defend against the allegations with an attorney at administrative hearings."). Specifically, public employees are entitled to post-termination due process, which includes the opportunity to participate in a post-termination due process hearing. A valid due process hearing must include:

> 1. Adequate written notice of the specific grounds for termination; 2. Disclosure of evidence supporting termination, including the names and nature of the testimony of adverse witnesses; 3. The opportunity to confront and cross-examine available adverse witnesses; 4. The opportunity to be heard in person and present evidence; 5. The opportunity to be represented by counsel; 6. A fair-minded and impartial decision maker; and 7. A written statement by the fact-finders as to the evidence relied upon and the reasons for the determination made.

*Deuel v. Arizona State Sch. for Deaf & Blind*, 165 Ariz. 524, 527 (App. 1990) (internal quotations and citations omitted); *Goldberg v. Kelly,* 397 U.S. 254 (1970); *Morrissey v. Brewer,* 408 U.S. 471 (1972). A simple review of the Complaint and its exhibits demonstrate that GCPC afforded Plaintiff adequate due process. Furthermore, there is no question that the ARA provides adequate process for litigants like Plaintiff, to challenge the process GCPC provided him, which this Court has recognized. *Doe v. Arizona Bd. of Regents*, No. CV-24-01829-PHX-SMB, 2025 WL 3514289, at *6 (D. Ariz. Dec. 8, 2025). Indeed, Courts must determine whether Arizona provides an adequate forum as part of res judicata and they have routinely done so. Plaintiff's Count 3 should be dismissed.

/ / /

/ / /

119643979.1

## IV. CONCLUSION.

Based on the foregoing, Defendants Gila County and Bradley Beauchamp respectfully request that this Court dismiss Plaintiff's Complaint in its entirety.

DATED this 3rd day of March, 2026.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Michele Molinario
Michele Molinario
Derek R. Graffious
Ashley E. Caballero-Daltrey
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Gila County and
Bradley D. Beauchamp

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Joshua C. Black, Esq.
Law Office of Joshua Black PLC
2999 N 44th Street, Suite 308
Phoenix, AZ 85018
josh@azemploymentlawyer.com
*Attorney for Plaintiff Robert B. Johnston, Jr.*

/s/ Cindy Castro

119643979.1